**BERNARD BLOCH, JOAN BLOCH & ROSALYN BLOCH, Plaintiffs**

**v.**

**ETHYLE BLOCH, Defendant**

Civil No. 141-1973

District Court of the Virgin Islands

Div. of St. Croix

December 27, 1973

JOHN P. BORKE, JR., ESQ., Christiansted, St. Croix, V.I., *for plaintiffs*

ISHERWOOD & COLIANNI, Attorneys at Law, Christiansted, St. Croix, V.I., *for defendant*

GREEN, *District Judge*[1]

## FINDINGS OF FACT, DISCUSSION AND CONCLUSIONS OF LAW AND ORDER

1. Plaintiffs reside in Michigan and defendant is a resident and domiciliary of St. Croix of the Virgin Islands.

2. Dr. Harold N. Bloch, not named as a party herein, is the former husband of Ethyle Bloch, the defendant, and is the brother of Bernard Bloch and of Rosalyn Bloch, two of the plaintiffs, and is the brother-in-law of Joan Bloch, who is the wife of Bernard Bloch.

3. Said Harold N. Bloch and Ethyle Bloch were formerly husband and wife, the marriage between the parties having been dissolved by a divorce decree entered in this Court dated February 4, 1972, in Civil No. 31-1971. Said decree of divorce provided inter alia, as follows:

"Plaintiff (Ethyle Bloch) and the child shall be entitled to remain on the premises located at 22 Golden Rock. Defendant (Harold N. Bloch) shall continue to maintain the said premises, including payments of taxes, insurance and mortgage payments."

4. The real property referred to in the complaint is 22 Estate Golden Rock; it is located in St. Croix, Virgin Islands. It is undisputed that, immediately prior to the entry of the aforesaid decree of divorce, title to said property had been acquired by the aforesaid Harold N. Bloch as grantee.

5. Dr. Harold Bloch was and is the owner of said premises, at all times material hereto; prior to the entry of the decree of divorce, 22 Estate Golden Rock was the family home of Harold N. and Ethyle Bloch.

6. During the course of the marriage between Harold and Ethyle Bloch, Harold Bloch encumbered said property with a second mortgage in favor of Virgin Island Bank.

[1] Clifford Scott Green, United States District Judge for the Eastern District of Pennsylvania, was assigned to serve temporarily as a Judge of the District Court of the Virgin Islands to hear and dispose of all pending matters in this action.

Said mortgage was security for the repayment of a loan made to the aforesaid, Harold N. Bloch, for the purpose of investing all or a part of the proceeds in various business ventures which he owned either in his name or in the name of his wife, Ethyle Bloch.

7. Harold N. Bloch defaulted in payment of the aforesaid loan and said Virgin Island Bank exposed said property to Marshall sale to recover the balance due said bank in the amount of approximately $13,000.

8. Prior to the aforesaid Marshall sale, defendant Ethyle Bloch applied to the Honorable Almeric L. Christian, Chief Judge of the District Court of the Virgin Islands, for an order which would have directed the aforesaid Harold N. Bloch to pay the first and second mortgage payments on the house at 22 Estate Golden Rock as previously ordered in the Court's decree of divorce dated February 4, 1972, and referred to in paragraph 3 hereof.

9. After hearing the Court entered an order dated June 2, 1972, which reads in pertinent part as follows:

"That the motion is hereby denied for the Court finds that defendant's failure to pay the mortgage payments was not willful, but was based upon a financial inability.

It is further ordered that the defendant shall continue to pay the first mortgage payments including arrears to the Bank of Nova Scotia so long as plaintiff remains in possession. In all other respects, this decree of February 4, 1972, is affirmed."

10. Harold N. Bloch did not pay the amount due on said loan to the Virgin Island Bank but instead wilfully and intentionally permitted said property to be "sold" at Marshall sale on May 30, 1972.

11. Harold N. Bloch appeared at the Marshall sale together with his brother, Bernard Bloch, and the brother, Bernard Bloch, acting for and on behalf of Harold N. Bloch purchased the property with a bid of $25,010.

12. Prior to the Marshall sale both Harold N. Bloch and plaintiff herein, Bernard Bloch, tried to discourage others

from bidding on said property and Bernard Bloch arrived at the sale without sufficient money to pay the required 10% of the bid price to the Marshall.

13. Bernard Bloch, one of the plaintiffs, attended the Marshall's sale expecting to bid in the property for the amount of the lien on which it was being sold and accordingly had expected to bid no more than $13,000. When the bid price reached $13,000 and an independent third person continued to bid, plaintiff Bernard Bloch was financially unprepared. He continued to bid on the property and when the bid price reached $25,000 he said to his brother, Harold N. Bloch, "Harold, the bidding has reached $25,000 what am I to do now", to which his brother, Harold, replied "keep bidding"; whereupon, plaintiff Bernard Bloch bid an additional $10 and acquired the property at $25,010.

14. Plaintiff Bernard Bloch testified that he did have enough money to pay the 10% required deposit, and that in fact he had it in certified check or cashier's check of $2,500 and the one dollar additional was paid in cash. This testimony by Bernard Bloch was disputed by other eyewitnesses at the Marshall sale and, indeed, his brother, Harold Bloch tried to explain the matter away by testifying that in fact Bernard Bloch did not have 10% of the amount bid and in fact only had 10% of $13,000, the anticipated bid. Harold Bloch also testified that in order to save the transaction, he had his brother, Bernard Bloch, write a check for the balance and take it to the Virgin Island Bank at which Harold N. Bloch had an account to have it certified. It is clear that without Harold N. Bloch's intervention, the Virgin Island Bank would not have certified the check as requested by Bernard Bloch.

15. After making the necessary 10% deposit, Bernard Bloch then directed that the Marshall deed the property to Bernard Bloch, Joan Bloch and Rosalyn Bloch, the plaintiffs herein. The sale of the aforesaid property by the Mar-

shall was confirmed by the District Court, Chief Judge Almeric L. Christian, presiding, on October 10, 1972.

16. Said Marshall's sale occurred on May 30, 1972. On June 1, 1972, Harold N. Bloch by quitclaim deed did grant, release and quitclaim unto Bernard Bloch and Joan Bloch, his wife, all of his right, title and interest in and to plot #22 of Estate Golden Rock, the property which is the subject of this law suit. The consideration stated in said deed is $1.00 and said deed was received and recorded on the 5th day of June, 1972, in the office for recording of deeds.

17. By writing made as of the first day of June 1972, the plaintiffs, Bernard Bloch and Joan Bloch, granted to the aforesaid Harold Bloch an option to purchase 22 Estate Golden Rock, which reads in pertinent part as follows:

"1. OPTION PROPERTY

Seller sells a 5 year option to purchase the following real property in exchange for Buyer's right of redemption by and through the recording of a Quit Claim Deed same described real property situate in St. Croix, Virgin Islands of U.S.A."

Said writing also provides for the exercise of the option on or before June 1, 1977. This writing was recorded at the Recording Office on the 10th day of August 1972. The aforesaid Harold Bloch thus sought to extinguish by the quitclaim deed all rights which he had to redeem said property and thus put plaintiffs in position to immediately move to oust defendant from possession; at the same time by the option Harold Bloch protected his ownership of the property.

18. Harold N. Bloch also on June 1, 1972 executed a second quitclaim deed in which he conveyed all of his other real property to a grantee described as "Naruth Corporation, a Christiansted, St. Croix, U.S. Virgin Island Corporation"; the stated consideration is $1.00 and other good and valuable consideration. Said quitclaim deed was recorded at the Recording Office on June 2, 1972.

348

19. Said Naruth Corporation is a Bloch family created corporation in which the principals are Harold N. Bloch, Bernard Bloch and Joan Bloch, each of whom owns 1/3 of the capital stock of the corporation or 50 shares each. The only assets of the corporation are properties previously owned by Harold N. Bloch which he conveyed to the corporation. In August of 1973, Harold N. Bloch testified that the corporation's liabilities were an indebtedness to Harold N. Bloch in the amount of $65,000.00, an indebtedness to Bernard Bloch in the amount of $85,000.00 and an indebtedness to Rosalyn Bloch in the amount of $40,000.00 or total liabilities of $190,000.00. Harold N. Bloch also testified and the Court finds that in August of 1973, the assets of the corporation exceeded the liabilities and capital of the corporation by at least $100,000.00. It is clear that Harold N. Bloch did not require the financial assistance of brother, Bernard Bloch, to save his ownership interest in 22 Estate Golden Rock.

20. Harold Bloch has conspired with the plaintiffs as individuals, and as officers and shareholders of Naruth Corporation to transfer and hide his ownership in all of his real estate for the sole purpose of destroying any rights Mrs. Ethyle Bloch may have in said properties, including her right to remain in possession of the subject property, 22 Estate Golden Rock. The conduct is in violation of a Court order entered in Civil Action No. 31-1971, on February 4, 1972, by the Honorable Almeric L. Christian, Chief Judge of the District Court of the Virgin Islands. Said order of Judge Christian is set out in pertinent part in paragraph three hereof. Said order permitting defendant to remain in possession was reaffirmed in pertinent part on June 2, 1972, and is set out herein at Paragraph Nine.

21. At the time of the Marshall sale of subject property, 22 Estate Golden Rock, Harold N. Bloch and his brother, Bernard Bloch, had collusively entered into a plan or ar-

rangement whereby Bernard Bloch, subject to the direction and control of Harold Bloch, would purchase said property as a straw man and the agent of Harold N. Bloch, and take title to the property in the name of Bernard Bloch individually or jointly with other members of the Bloch family.

22. The testimony of Bernard Bloch establishes that the other plaintiffs herein, Joan Bloch, Bernard's wife, and Rosalyn Bloch, his sister, did not contribute to the purchase price of said property and indeed their names were added to the deed as purchasers or grantees only as the after thought of Bernard and Harold Bloch.

23. The plaintiffs did not at the time of the Marshall sale or at any time subsequent thereto become owners of said property or intend to be owners of said property but their only interest in the property is to accommodate and assist brother Harold Bloch in his effort to oust his former wife, Ethyle Bloch, from possession in violation of the orders of Chief Judge Christian.

24. Harold N. Bloch has been, at all times relevant to this proceeding, owner of 22 Estate Golden Rock. Plaintiffs' names appear on the Marshall's deed, as grantees, only as an accommodation to Harold N. Bloch, and plaintiffs have no ownership interest in said property. Plaintiffs have conspired with Harold N. Bloch to help him evade a lawful order of the Court.

25. Harold N. Bloch is not entitled to a writ of assistance or writ of possession directing the Marshall to oust Ethyle Bloch from possession, for such an order would be in direct conflict with the earlier orders entered by Chief Judge Christian. Similarly, the plaintiffs who stand in no better position than Harold N. Bloch are not entitled to an order to oust Ethyle Bloch from possession of said property.

## DISCUSSION

Plaintiffs bring this action to obtain possession of the premises at 22 Estate Golden Rock from defendant Ethyle

Bloch. They claim ownership of the property by virtue of a Marshall's sale; the details surrounding said sale have been more fully set forth in the findings of fact. Plaintiffs rely upon 13 V.I.C. § 281 which provides as follows:

§ 281. *Action to recover possession; parties.*

Any person who has a legal estate in real property, and a present right to the possession thereof, may recover such possession, with damages for withholding the same, by an action. Such action shall be commenced against the person in the actual possession of the property at the time, or, if the property is not in the actual possession of anyone, then against the person acting as the owner thereof.

It is clear that defendant, Mrs. Bloch, is and has been, at all times relevant to this law suit, in possession of the property. We have concluded, however, that plaintiffs do not have a present right to possession of said real property notwithstanding the fact that the Marshall's deed indicates that a legal estate in said property was conveyed to them. The right of plaintiffs to recover depends upon whether or not they are in truth the owners of said property, or whether they are merely straw persons, acting on behalf of their principal, and by this lawsuit seeking to achieve a legal result to which their principal is not entitled, because it would violate a valid Court order. The evidence in this case clearly establishes that Harold N. Bloch is still the owner of said property and plaintiffs are merely agents or straw persons. The only inference one can draw from the evidence is that Harold N. Bloch and his brother, Bernard Bloch, by agreement made prior to the Marshall's sale, collusively sought to oust Ethyle Bloch from possession of the property. Of course, it is clear that the second mortgage lien on which the property was sold was in default, and the holder of said lien had a right to expose the property to Marshall's sale. However, it is clear that if Harold N. Bloch had either retained ownership of said property by staying the sale or purchased the property at Marshall's sale, he

would be subject to the earlier order of Judge Christian, which permits plaintiff to remain on the premises at 22 Estate Golden Rock and requires defendant to maintain said premises. In order to evade this Court order Bernard and Harold Bloch conspired to have title to the property acquired in the name of Bernard Bloch, even though it was never intended that Bernard Bloch be the real owner. Evidence indicating this unlawful agreement is clear and precise. It is not seriously denied that at the time of the Marshall's sale Bernard Bloch asked directions and took instructions from his brother, Harold, as to the amount of bid. Also, it is clear that after having successfully bid on the property, Bernard Bloch did not have the money to complete the Marshall sale and that the property would have been re-exposed to sale except for the intervention of Harold Bloch in arranging the necessary payment of the deposit money. The evidence clearly discloses that Harold and Bernard Bloch sought to discourage third parties from bidding on the property at time of Marshall's sale; such a course of action would not have been in the best interest of Harold Bloch, if he was not to retain the ownership of the property. His interest would have been best served by having the highest possible bid if there was intended a bona fide Marshall sale to a third party. Finally, the evidence discloses that the Marshall's sale did not extinguish all of the rights of Harold Bloch in the property and that by law he had a 6-month period of redemption. However, immediately after the Marshall's sale, Harold N. Bloch divested himself of this 6-month period of redemption in favor of an option to "repurchase" the property. Finally, the course of conduct of Harold Bloch in divesting himself of all his other real property and transferring it to the Naruth Corporation, in which at least two of the plaintiffs are principals, is indicative of the overall scheme and plan to deprive

Ethyle Bloch of whatever rights she has under Court Orders as a former wife of Harold Bloch. Since we find that Harold Bloch is not entitled to a writ of assistance, or writ of possession to recover 22 Estate Golden Rock, we must also find that his agents, the plaintiffs, are not entitled to the aforesaid writs. Accordingly, we find in behalf of the defendant and against the plaintiffs and enter judgment in favor of defendant against the plaintiffs.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and of the subject matter of this law suit.

2. Plaintiffs are acting as agents of Harold N. Bloch, who is the real owner of the subject property, 22 Estate Golden Rock, and neither Harold N. Bloch nor plaintiffs are entitled to oust the defendant from possession of said property because it would be in violation of a prior Order of the Court entered by Chief Judge Almeric L. Christian.

3. Defendant is entitled to remain in possession under the Order of Chief Judge Christian dated February 4, 1972, in Civil No. 31-1971 and reaffirmed in pertinent part on June 2, 1972.

## ORDER

AND NOW, this 27th day of December, 1973, IT IS ORDERED, ADJUDGED AND DECREED that judgment be entered in favor of defendant and against plaintiffs with costs assessed against plaintiffs.